UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,
#471817,

        CIVIL ACTION NO. 14-12756

    Plaintiff,

        DISTRICT JUDGE LAURIE J. MICHELSON

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

SURJIT DINSA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 11, 2014, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical conditions in violation of the Eighth Amendment. Before the Court are motions for summary judgment filed by Defendants John Kornowski, Kimberly McGuire, Dr. Elihue Potts, and Lilly Conrad [Doc. #18], and by Defendant Surjit Dinsa, M.D. [Doc. #21]. Both motions have been referred for Reports and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I construe both motions as unenumerated motions to dismiss under Fed.R.Civ.P. 12(b), and recommend that both motions be GRANTED, dismissing these Defendants WITHOUT PREJUDICE.

**I.   FACTS**

-1-

The events described in Plaintiff's complaint occurred while he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Defendant Dinsa is a psychiatrist; Defendant Kornowski is a psychologist; Defendant McGuire is a nurse; Defendant Potts is a dentist; and Defendant Conrad is a dental hygienist. Plaintiff alleges that on June 18, 2013 and June 21, 2013, Defendants Dinsa, Kornowski, and McGuire forcibly administered "powerful antipsychotic medication," causing him serious physically and psychologically unbearable side effects. Liberally construing his complaint, Plaintiff claims excessive force in violation of the Fourth Amendment and deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Complaint* [Doc. #1], ¶¶ 10, 16-20.

Plaintiff also claims that on June 24, 2013, Defendants Potts and Conrad failed to provide him with needed dental care, in violation of the Eighth Amendment. *Id*. ¶¶ 11, 14-15.

The Defendants seek dismissal based on Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). Attached to both motions is the affidavit of Richard D. Russell, the Manager of the Grievance Section in the MDOC's Office of Legal Affairs, and the MDOC Prisoner Step III Grievance Report regarding the Plaintiff.[1]  Mr. Russell states at ¶ 5 of his affidavit that "[a]ll Step III grievance appeals

---

[1] Mr. Russell's affidavit is Exhibit 6 to Doc. #18 and Exhibit B to Doc. #21. The MDOC Step III Report is Exhibit is included with Exhibit 6 to Doc. #18, and is Exhibit A to Doc. #21.

-2-

received are recorded on the Grievance Tracking database." The MDOC Grievance Report shows that the Plaintiff filed grievances in September, 2012, and then filed no other grievances until October of 2013.

In ¶ 13 of his complaint, Plaintiff concedes that he did not file Step III grievances regarding the incidents that form the basis of his lawsuit. He states that he did not do so because he "was not sent a response stating that the grievance had been received or denied...." In his motions to dismiss Defendants' motion [Doc. #26, #27, #28, #29, and #30]$^2$, Plaintiff also states that he did not pursue his grievances beyond Step I because he did not receive timely responses.

## II.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368

---

$^2$ I will construe and consider these as responses to the Defendants' dispositive motions.

(2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

In this case, the Defendants have styled their motion as a request for summary judgment. There is a divergence of viewpoints as to the correct procedural basis for a dismissal premised on non-exhaustion. In *Jones v. Bock,* 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for

failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies). In *Melton v. Michigan Corrections Commission*, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust.

In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed.R.Civ.P. 12(b)(6). After *Jones v. Bock*, failure to exhaust is not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint. And unlike the typical 12(b)(6) motion, dismissal is without prejudice.[3] Rule 12(b)(1) (subject matter jurisdiction) clearly does

---

[3] If viewed as a Rule 12(b)(6) motion, a dismissal for failure to exhaust could also lead to the dismissal counting as a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g), which precludes granting IFP status to an inmate who has had three or more previous civil actions dismissed as frivolous or for failure to state a claim. In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 438 (D.C. Cir. 2007), the D.C. Circuit stated in dicta:

> "With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike."

In *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit held that where a complaint is dismissed in part without prejudice for failure to exhaust and in part with prejudice for failure to state a claim, the dismissal counts as a strike. Nevertheless, in

not apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v. Ngo*, 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Summary judgment seems inapposite since there is no determination of the merits of the case, and "judgment" is not entered. *See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits."). *But see McCloy v. Corr. Med. Srvcs., supra* (treating exhaustion motion as a motion for summary judgment).

A number of courts have characterized a request to dismiss for failure to exhaust nonjudicial remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (finding that "while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal

---

*Booth v. Carril*, 2007 WL 295236, *3-4 (E.D. Mich. 2007), the court held categorically that "a routine dismissal for failure to exhaust administrative remedies does not count as a 'strike' under § 1915(g)." *See also Green v. Young*, 454 F.3d 405 (4th Cir. 2006) ("Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute."); *Snider v. Melindez, supra*. I am inclined to agree with the reasoning of *Booth*, *Green* and *Snider*. However, the absence of a clear directive from the Sixth Circuit is yet another reason to not treat these matters as Rule 12(b)(6) motions.

court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies...is an unenumerated 12(b) motion....").

I am persuaded that treating exhaustion motions as unenumerated Rule 12(b) motions is the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA. This is the approach I followed in *Twohig v. Riley*, 2013 WL 3773365, *3-4 (E.D. Mich. 2013), and that Judge Cleland also applied in *McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014).

### III.   DISCUSSION

The Michigan Department of Corrections (MDOC) provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130.[4] This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is

---

[4] Defendants submitted a copy of the Policy Directive as Exhibit 5 to Doc. #18.

granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form and file it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process.

It is undisputed that Plaintiff did not complete the MDOC's administrative grievance process before filing his complaint. Plaintiff argues that he is excused from doing so because he did not receive a timely response to his Step I grievance, and therefore did not have an "available" administrative remedy. In support, he cites *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004), where the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id*. at 996. *Boyd* relied on a number of cases from other Circuits where the failure to timely respond to a prisoner's grievance rendered administrative remedies "unavailable." *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir.2002) ("[W]e agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable[.]"); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002) ("We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.' "); *Foulk v. Charrier,* 262 F.3d 687, 698

(8th Cir.2001) ( "[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him.").

Even accepting Plaintiff's statement that he in fact filed a timely Step I grievance, his case falls outside the purview of *Boyd* because the Policy Directive explicitly makes further administrative proceedings available even in the absence of a timely response at Step I or Step II.[5]  Paragraph T of Policy Directive 03.02.130 provides as follows:

> "If a grievant chooses to pursue a grievance which has not been responded to by staff within required time frames, including any extensions granted, the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions which have been granted."

Paragraph BB provides:

> "A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I *or if s/he did not receive a timely response*." (Emphasis added).

Paragraph BB also states that the grievant *must* submit the Step II grievance form "within ten business days after receiving the Step I response or, if no response was received, *within ten business days after the date the response was due, including any extensions*." (Emphasis added).

Thus, notwithstanding any institutional failure to timely respond to a Step I grievance, Plaintiff was not precluded from proceeding to Step II and Step III after the response deadline expired. Indeed, under Paragraph BB, he was *required* to do so within

---

[5] *Boyd* arose out of a private correctional facility in Tennessee.

ten business days after the response was due. Because "proper exhaustion" requires "compliance with an agency's deadlines and other critical procedural rules," *Woodford v. Ngo, supra*, 548 U.S. at 90, and because, unlike *Boyd*, Plaintiff had further administrative remedies available to him, his failure to proceed through Step III before filing suit in this Court mandates dismissal of his complaint against these Defendants without prejudice.[6]

## IV.  CONCLUSION

For these reasons, I recommend that both Motions for Summary Judgment [Doc. #18 and Doc. #21] be construed as unenumerated Rule 12(b) motions, that both motions be GRANTED, and that Defendants John Kornowski, Kimberly McGuire, Dr. Elihue Potts, Lilly Conrad, and Surjit Dinsa be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

---

[6] Defendant Dinsa bases his motion [Doc. #21] solely on Plaintiff's failure to exhaust. The other Defendants [Doc. #18] argue alternatively for dismissal based on qualified immunity. Given that the complaint must be dismissed under 42 U.S.C. § 1997e(a), it is not necessary to decide the qualified immunity issue.

1991); and *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                       /s/R. Steven Whalen  
                                       R. STEVEN WHALEN  
Dated: August 4, 2015          UNITED STATES MAGISTRATE JUDGE

                            Certificate of Service

I certify that a copy of this document was served upon parties of record on August 4, 2015 via electronic or postal mail.

                                       /s/A. Chubb  
                                       CASE MANAGER