UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,
#471817,

        CIVIL ACTION NO. 14-12756

    Plaintiff,

        DISTRICT JUDGE LAURIE J. MICHELSON

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

SURJIT DINSA, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

On July 11, 2014, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical conditions in violation of the Eighth Amendment. Before the Court is Plaintiff's Motion for Default Judgment as to Defendant Jindell [Doc. #32], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.  FACTS

The events described in Plaintiff's complaint occurred while he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff alleges that Defendant Jindell, a doctor, disregarded his request for emergency medical care, subjecting him to mental and physical pain and suffering, in violation of the Eighth

-1-

Amendment. *Complaint* [Doc. #1], ¶ 12.

Defendant Jindell has not been served. On June 3, 2015, Plaintiff requested that the Clerk of the Court enter a default judgment as to Defendant Jindell [Doc. #44]. On June 4, 2015, the Clerk entered a Notice of Denial, stating, "A clerk's entry of default was never entered against defendant." [Doc. #45].

## II. LEGAL PRINCIPLES

In order for a Plaintiff to obtain a judgment by default, he must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or

(b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### III.   DISCUSSION

First, and most obviously, you don't get a default judgment against a Defendant who has not been served. But in any event, there has been no Clerk's entry of default under Rule 55(a). This is fatal to Plaintiff's request for a default judgment under Rule 55(b)(2).

### IV.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Default Judgment as to Defendant Jindell [Doc. #32] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2015

Certificate of Service

I certify that a copy of this document was served upon parties of record on August 4, 2015 via electronic or postal mail.

/s/A. Chubb
CASE MANAGER