UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,
#471817,

          CIVIL ACTION NO. 14-12756

    Plaintiff,

          DISTRICT JUDGE LAURIE J. MICHELSON

v.

          MAGISTRATE JUDGE R. STEVEN WHALEN

DINSA, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT**

On July 11, 2014, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical conditions in violation of the Eighth Amendment. Before the Court is his motion to amend his complaint [Doc. #80].[1]

Plaintiff's original complaint [Doc. #1] named six Defendants: Surjit Dinsa, John Kornowski, Nurse McGuire, Elihe Potts, Lilley Conrad, and Dr. Jindell. On September 25, 2015, the Court dismissed all of the Defendants except Dr. Jindell without prejudice, based on Plaintiff's failure to first exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a) [Doc. #59]. The only remaining Defendant is Dr.

---

[1] Mr. Weatherspoon's proposed amended complaint is found at Doc. #81.

Jindell, who filed an answer to the complaint on January 25, 2016 [Doc. #83]. Plaintiff's motion to amend names all of the six original Defendants and 10 more. The proposed deliberate indifference claim against the newly-named Defendants parallels the claim made against Defendant Jindell in the original complaint, and involves allegations that Plaintiff was given forced injections of anti-psychotic medication.

Fed.R.Civ.P. provides that leave to amend complaints shall be freely granted "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 181 (1962). However, such leave is inappropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment." *Foman*, 371 U.S. at 182. The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Id.*

The actions giving rise to Plaintiff's deliberate indifference claim are alleged to have occurred in June of 2013. He filed his original complaint in July of 2014. He filed his motion to amend a year and a half later, in January of 2016. The facts underlying his claim were well know to Plaintiff at the time he filed his original complaint, and I am unpersuaded that he was unable to determine the identity of the other 10 Defendants he now seeks to add. I find, therefore, that there has been undue delay in seeking to amend

the complaint.[2]

I also find that given this passage of time, Dr. Jindell, the remaining Defendant, would be prejudiced by the delay in these proceedings and the probable need for additional discovery. I note also that Plaintiff has since filed a motion for summary judgment [Doc. #93], and Defendant Jindell has been granted an extension to July 22, 2016 to file a response.

Accordingly, Plaintiff's motion to amend his complaint [Doc. #80] is DENIED.

IT IS SO ORDERED.

                                                              s/R. Steven Whalen
                                                              R. STEVEN WHALEN
                                                              UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify on July 21, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 21, 2016.

                                                              s/Carolyn M. Ciesla
                                                              Case Manager for the
                                                              Honorable R. Steven Whalen

---

[2] In addition, Plaintiff's proposed amended complaint names the five original Defendants that have been dismissed. To that extent, the amendment would be futile.