UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,
#471817,

          CIVIL ACTION NO. 14-12756

    Plaintiff,

          DISTRICT JUDGE LAURIE J. MICHELSON

v.

          MAGISTRATE JUDGE R. STEVEN WHALEN

DINSA, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff, proceeding *pro se* in this civil rights action brought under 42 U.S.C. §1983, has filed two motions for stay of proceedings [Doc. #106 and #109]. In the first [Doc. #106], he seeks a stay based on his allegation that because he was placed in administrative segregation, he is unable to respond to Defendant Jindell's motion for summary judgment. In the second [Doc. #109], he seeks a stay so that he can exhaust his administrative remedies. Both motions are DENIED.

As to Doc. #106, I understand that prisoners face certain hurdles in litigating their cases, whether they are in administrative segregation or not, but the ordinary incidents of prison life are not a sufficient basis to order a stay of proceedings. Therefore, Plaintiff's motion in Doc. #106 is DENIED. However, I will grant him a generous extension of time to file his response to Defendant Jindell's summary judgment motion. Plaintiff's response will be filed on or before NOVEMBER 22, 2016.

As to Doc. #109, the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a), requires exhaustion of administrative remedies before suit is filed in federal court. *See Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003)("An inmate who has not pursued available administrative remedies may not yet proceed in federal court."). In *Anderson v. Prisoner Health Services*, 2011 WL 2143514, *3 (E.D. Mich. 2011), the Court denied a motion to hold the case in abeyance pending the plaintiff's completion of exhaustion, holding:

> "Plaintiff must exhaust all available administrative remedies *prior* to bringing his claim rather than *during* the adjudication of his claim. The Plaintiff's Motion to Hold 1883 Petition in Abeyance is therefore denied and the Complaint shall be dismissed without prejudice."

Likewise here, Plaintiff is not entitled to have his case held in abeyance while he exhausts his administrative remedies. The proper course of action, should he have unexhausted claims, is for Plaintiff to first complete his administrative remedies. If Defendant Jindal's summary judgment motion [Doc. #100] were to be granted on grounds of non-exhaustion, the result would be a dismissal without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000).

Plaintiff's motions to stay [Doc. #106 and Doc. #109] are DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 27, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 27, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
