UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,
#471817,

        CIVIL ACTION NO. 14-12756

    Plaintiff,

        DISTRICT JUDGE LAURIE J. MICHELSON

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

SURJIT DINSA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 11, 2014, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical conditions in violation of the Eighth Amendment. Before the Court is his motion for injunction [Doc. #90], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be DENIED.

**I.   FACTS**

Plaintiff's complaint is based on his medical treatment while he was an inmate at the Gus Harrison Correctional Facility. On September 12, 2013, he was transferred to the MDOC's Muskegon Facility, and is currently at the Baraga Maximum Correctional Facility. His motion for injunctive relief is a bit hard to follow, but essentially he asks the

MDOC, the Muskegon Correctional Facility, and the Marquette Branch Prison to transfer him back to Muskegon, waive all disciplinary sanctions, assign him single cell occupancy, and provide medical and dental treatment, including medical marijuana. *Plaintiff's Motion*, p.1.

## II. STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction

issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.  DISCUSSION

First, all Defendants except Defendant Jindal have been dismissed. I have filed a Report and Recommendation [Doc. #120] that Jindal be granted summary judgment. For the reasons discussed in my R&R, Plaintiff's likelihood of success on the merits is negligible.

Moreover, the wrongs that Plaintiff alleges in his complaint occurred while he was housed at the Gus Harrison Facility. He has not been at that facility since 2013. A prisoner's claims for injunctive relief based on incidents occurring in one prison become moot once the prisoner is transferred to another prison. *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir.1996).

## IV. CONCLUSION

I recommend that Plaintiff's motion for injunction [Doc. #90] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/R. Steven Whalen
R. STEVEN WHALEN
Date: March 1, 2017        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 1, 2017, electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager